**KENTUCKY BAR ASSOCIATION**
Complainant

v.

**Anne Penn HARDY Respondent**

**No. 2000–SC–04439–KB.**

Supreme Court of Kentucky.

Aug. 24, 2000.

———

Ben Cowgill, Kentucky Bar Association Counsel, Bruce K. Davis, Executive Director, Kentucky Bar Association, Frankfort, Counsel for Complainant.

Anne Penn Hardy, Louisville, Counsel for Respondent.

**OPINION AND ORDER**

LAMBERT, Chief Justice.

The Board of Governors of the Kentucky Bar Association has recommended that Anne Penn Hardy of Louisville, Kentucky, be suspended from the practice of law in the Commonwealth of Kentucky for 30 days and that she be ordered to pay the costs of this proceeding. Hardy was charged with two counts of professional misconduct. Count I alleges a violation of SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing a client. Count II alleges a violation of SCR 3.130–1.4(a) for failing to keep a client reasonably informed about the status of a matter.

The charges against Hardy arise out of a verified complaint filed with the Kentucky Bar Association by a client she represented in a child support matter. The client employed Hardy to defend her against an action brought by the Kentucky Cabinet for Families and Children to enforce child support obligations. A motion was filed by the Cabinet seeking a final judgment against the client for payment of child support in accordance with statutory guidelines. The motion also requested the issuance of a garnishment order against her employer to enforce the obligation.

On April 14, 1998, a hearing was held on the motion and the district court judge permitted the parties to file briefs in support of their respective positions before rendering a decision. After Hardy failed to file a brief or to respond, the district court entered an order on June 9, 1998, granting the motion by the Cabinet. A judgment was then entered on July 20, 1998, requiring the client to pay child support along with an arrearage and authorizing a wage assignment against her employer.

In addition to her failure to act, Hardy did not inform the client about the disposition of her case until at least the entry of the judgment. In her response to the bar complaint, she claims that she did not know about the order granting the motion by the Cabinet until July 16, 1998. She failed, however, to take any steps to prevent the entry of the judgment which occurred four days later and did not seek any relief from the judgment after it had been entered. The client indicates that she did not become aware of the entry of the judgment until August 7, 1998, when she received a paycheck from her employer which showed a garnishment.

In Count I, the Inquiry Commission charged that Hardy violated SCR 3.130–1.3 by failing to file a brief or take any other action on the record after the hearing on the matter. In Count II, the Inquiry Commission charged that Hardy violated SCR 3.130–1.4(a) by failing to keep her client reasonably informed about the status of her case after the hearing and by failing to advise her of the disposition of the plaintiff's motion until after entry of the judgment, resulting in prejudice to the client.

Following a review of the commissioner's report, the Board of Governors of the KBA found Respondent guilty on both counts of the charge and recommended that she be suspended from the practice of law in the Commonwealth of Kentucky for a period of thirty days. Neither Hardy nor the KBA filed a notice for review in this Court. We agree with the decision of the Board of Governors and, pursuant to SCR 3.370(10), we adopt that decision.

Therefore, it is ORDERED that Anne Penn Hardy is hereby suspended from the practice of law in Kentucky for a period of thirty days. The period of suspension shall commence on the date of entry of this order.

In accordance with SCR 3.450 and SCR 3.480(3), Hardy is directed to pay all costs associated with this disciplinary proceeding against her, said sum being $156.24, and for which execution may issue from this Court upon finality of this opinion and order.

All concur.

ENTERED: August 24, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE